UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>FRANCISCO VASQUEZ-GIL,<br>　　　　　　　　　　Defendant. | Case No.: 25cr49-WQH<br><br>**ORDER** |

HAYES, Judge,

　　The matter before the Court is the Motion to Appeal Magistrate Judge's Denial of Mr. Vasquez-Gil's Motion to Modify Conditions of Pre-Trial Release ("Appeal," ECF No. 27), filed by Defendant Francisco Vasquez-Gil.

**FACTS**

　　On December 9, 2024, Defendant was arrested and charged with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b). (ECF No. 1; *see also* Information, ECF No. 12.) The Complaint alleges that, on December 9, 2024, at approximately 9:15 a.m., a U.S. Border Patrol Agent found two individuals hiding in brush approximately two miles north of the United States/Mexico border and four miles west of the Tecate, California Port of Entry. The Complaint alleges that the agent conducted an immigration inspection on both persons, one of whom was later identified as Defendant. The Complaint alleges that Defendant stated that he is a Mexican citizen without any documentation allowing him to enter or remain in the United States. The Complaint alleges that record checks of Defendant revealed a criminal and immigration history, consisting of seven deportations—most recently on August 29, 2024 after being sentenced to 12 months

and a day in custody for violating § 1326—and three felony convictions for driving under the influence ("DUI") in Santa Maria, California, for which Defendant was sentenced to 120 days in custody, two years in custody, and three years in custody, respectively.

At Defendant's initial appearance on December 10, 2024, the United States moved to detain Defendant based on a serious risk of flight, pursuant 18 U.S.C. § 3142(f)(2)(A). (ECF No. 7.) United States Magistrate Judge Jill L. Burkhardt denied the United States' motion and set conditions of release to include a $30,000 cash bond and/or a bail bond secured by an approved, solvent corporate surety. (ECF No. 6.) Defendant has not posted bond and remains detained pending trial.

On January 21, 2025, Defendant filed a motion for review of bond conditions, requesting that the condition requiring a $30,000 cash or corporate surety bond be modified that the condition be a $30,000 personal appearance bond secured by the signature of one financially responsible and related adult, i.e., Defendant's brother who lives in Santa Maria, California. (ECF No. 14.)

On January 24, 2025, the United States filed an opposition to the motion for review of bond conditions. (ECF No. 16.)

On January 28, 2025, Judge Burkhardt denied the motion for review of bond conditions. (ECF No. 17.)

On February 24, 2025, Defendant filed the pending Appeal. (ECF No. 27.) Defendant now "proposes a modification to a $20,000 personal appearance bond, secured by the signature of his Legal Permanent Resident brother," and "[s]hould the Court deem it necessary, Mr. Vasquez-Gil's brother could also provide a cash deposit." *Id*. at 2. Defendant asserts that the current financial condition of a $30,000 cash bond and/or a bail bond by an approved, solvent corporate surety is "tantamount to detention," and violates 18 U.S.C. § 3142(c)(2). (ECF No. 27 at 5.)

On February 28, 2025, the United States filed an opposition to the Appeal. (ECF No. 32.) The United States continues to "contend[] that the relevant 3142(g) factors still substantially weigh in favor of detention." *Id*. at 1.

On March 3, 2025, the Court conducted a hearing on the Appeal.

## APPLICABLE LAW

The Bail Reform Act of 1984 governs release pending trial. *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The statute is designed to afford bail to defendants facing trial under the least restrictive condition or combination of conditions that will reasonably assure their appearance as required. *See* 18 U.S.C. § 3142(c)(1)(B). But where the court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required, the Court may detain Defendant without bail pending trial. *See* 18 U.S.C. § 3142(e). On motion for pretrial detention, the United States bears the burden of showing, by a preponderance of the evidence, that the Defendant poses a serious risk of flight and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See Motamedi*, 767 F.2d at 1406–07.

This Court reviews the evidence de novo and makes its own determination whether to modify the detention order. *See United States v. Keonig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, including: (a) the nature and circumstances of the offense charged; (b) the weight of the evidence; (c) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (d) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Motamedi,* 767 F.2d at 1407; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The weight of the evidence is the least important of the factors, and the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear as required. *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). While "[a]lienage may be taken into account" when determining flight risk under the Bail Reform Act, "it is not dispositive." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019).

The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). "Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant." *Diaz-Hernandez*, 943 F.3d at 1198.

## RULING OF THE COURT

Defendant is charged with the felony offense of attempted reentry of removed alien in violation of 18 U.S.C. §1326(a) and (b) which carries a significant statutory maximum sentence. The severity of potential punishment favors detention. Based upon the allegations of the Complaint, the weight of the evidence is substantial but is the least important factor.

Defendant's only apparent tie to the United States is that his brother is a Legal Permanent Resident living in Santa Maria, California. Based upon the record, the last time Defendant lived in the United States for any substantial length of time was 2011, when Defendant was deported following his sentence for his 2009 DUI conviction. Defendant has not disputed that he is a citizen of Mexico and apparently has lived in Mexico for a substantial time. The record does not contain evidence that Defendant has any employment ties to the United States, and it appears that Defendant would not be legally allowed to work in the United States due to his lack of legal status. The record contains no evidence that Defendant has financial ties to this District. The Court finds that the risk of flight is heightened in this case due to Defendant's relatively weak ties to the United States, his relatively strong ties to Mexico, and the proximity of Mexico to this district.

Defendant's brother lives in Santa Maria, which is north of Santa Barabara and is approximately a five-hour drive from this Court. Defendant asserts that his brother owns a car and his brother's child could drive Defendant to this Court for hearings as required. Defendant also asserts that Defendant could care for his brother's children, which would allow Defendant's brother and his brother's wife to work. It appears that Defendant has a feasible plan to attend hearings if he is released.

There is no evidence Defendant has ever failed to appear to court hearings in prior cases. However, this factor has diminished weight given the fact that Defendant was

ordered detained for the entire pendency of his prior § 1326 case in this district in 2019. *See United States v. Vasquez-Gil*, S.D. Cal. Case No. 19-cr-1022-CAB, ECF No. 8.

Defendant's criminal history is summarized above. The Court discounts Defendant's two DUI convictions in 2003 and third DUI conviction in 2009 due to their age. Other than Defendant's repeated DUI convictions, the Court does not find that Defendant's release pending trial poses a particular danger to any person or the community. There also is no evidence that Defendant was on supervised release or parole when he was arrested for the current charged offense. In 2019, Defendant was sentenced to a 12-month-and-a-day custodial sentence for violating § 1326. Defendant is accused of violating the same statute in this case, and based upon the allegations in the Complaint, it appears likely that the sentence in the prior § 1326 case did not have a strong deterrent effect on Defendant.

Defendant asserts that "[t]he long-term loss of $20,000 to his brother would put his family in financial ruin." (ECF No. 27 at 6.) Based upon this representation and the evidence submitted under seal, the Court agrees with Defendant that the current bond condition imposed by Judge Burkhardt—a cash or corporate surety bond of $30,000—exceeds the financial resources available to Defendant and his proposed surety, and therefore "could run afoul of 18 U.S.C. § 3142(c)(2), which states that a 'judicial officer may not impose a financial condition that results in the pretrial detention of the person.'" *Diaz-Hernandez*, 943 F.3d at 1198 ("[T]his provision is designed to prevent the practice of 'de facto preventative detention,' where a judge could in effect issue a detention order without a proper finding of risk of flight by granting bail but setting an exorbitant financial condition that the defendant could not meet.") (quotation omitted). Accordingly, the Court declines to affirm the condition imposed by Judge Burkhardt.

However, the Court does not agree that Defendant's proposed condition of a $20,000 personal appearance bond, or Defendant's previously suggested condition of a $30,000 personal appearance bond, is sufficient to reasonably assure Defendant's appearance as required. Instead, after considering the factors set forth in 18 U.S.C. § 3142(g) and after de novo review, the Court concludes that the facts in the record demonstrate by a

preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required. Despite the presence of a feasible plan for Defendant to live with his brother and be driven to hearings, the Court finds that Defendant's prior § 1326 conviction, the fairly lengthy sentence for that conviction which apparently did not deter his return, his apparent lack of legal status, and his relatively weak ties to the United States combine to support detention prior to trial pursuant to 18 U.S.C. § 3142 due to a serious risk of flight.

## CONCLUSION

IT IS HEREBY ORDERED that the Appeal is denied. The Order setting conditions of release is vacated. (ECF No. 6.) The Court finds that, based upon the current record, Defendant must be detained pending trial pursuant to the factors in 18 U.S.C. § 3142(g). This Order is without prejudice to modification by the Court and/or the filing of a motion for pretrial release upon a showing of changed circumstances.

IT IS FURTHER ORDERED that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

Dated: March 3, 2025

_William Q. Hayes_
Hon. William Q. Hayes
United States District Court